■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOLPHUS POUNDS, Appellant.— Judgment insofar as it imposes sentence upon defendant unanimously reversed on the law, sentence vacated, and matter remitted to Monroe County Court for further proceedings in accordance with the following memorandum: The defendant pleaded guilty to attempted burglary in the third degree in Monroe County Court on October 23, 1970. At sentencing, appellant asked the court to have him examined by a doctor regarding his drug addiction. In refusing this request the sentencing court stated "that there is no indication that you are an addict at this time." This was error. The court had before it a probation report containing evidence of narcotics usage by the defendant. The report also contained references to narcotics used by defendant and suggested that the crime for which defendant was charged was committed to support a narcotics habit. Subdivision 1 of section 207 of the Mental Hygiene Law provides that "Every person * * * who, while in custody or when he appears before the court, shall state, indicate or show symptoms, or it otherwise appears, that he is a narcotics addict, shall undergo a medical examination to determine whether he is a narcotics addict." Upon this record an examination and a finding concerning defendant's status as an addict are required. He should, therefore, be resentenced in accordance with the procedures mandated by sections 207 and 208 of the Mental Hygiene Law and section 60.15 of the Penal Law (People v. Smith, 37 A D 2d 798; People v. Woodward, 36 A D 2d 1018). (Appeal from judgment of Monroe County Court, convicting defendant of attempted burglary, third degree.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.